UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SUE ELLEN VALERI,                                              08 CIV 5256 (CLB)

                            Plaintiffs,

     -against-

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, MARK
DiGIACOMO, and the TOWN/VILLAGE OF
HARRISON, New York,

                            Defendants.
--------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**FRIEDMAN, HARFENIST, LANGER & KRAUT**
**Attorneys for Defendants**
**Town/Village of Harrison, New York**
2975 Westchester Avenue, Suite 415
Purchase, New York 10577
(914) 701-0800

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. i

PRELIMINARY STATEMENT .................................................................... 1

STATEMENT OF FACTS .............................................................................. 2

POINT I
THE LEGAL STANDARD FOR A MOTION TO DISMISS ....................... 6

POINT II
THE PLAINTIFF HAS FAILED TO STATE
A CAUSE OF ACTION FOR VIOLATION
OF HER FIRST AMENDMENT RIGHTS .................................................... 7

   A. The Complaint in the instant matter arguably satisfies the first
      two elements of the Curley test............................................................. 8

   B. The Complaint is subject to dismissal as it fails to allege
      actual chilling ...................................................................................... 8

CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........ passim
*Brooklyn Legal Services Corp. v. Legal Services Corp.*, 462 F.3d 219, 226 (2d Cir. 2006) .......... 9
*Curley v. Village of Suffern*, 268 F.3d 65, 73 (2001) ............................................................ passim
*Cosby v. City of White Plains*, 2007 WL 853203 at *7 (S.D.N.Y. Feb. 9, 2007) ...................... 7,10
*Davis v. Garcia,* 2008 WL 2229811 at * 4, (S.D.N.Y. May 27, 2008) ......................................... 6
*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168
(2d Cir.2004) ................................................................................................................................. 6
*Howard v. Town of Bethel*, 481 F.Supp.2d 295, 309 (S.D.N.Y. 2007) ....................................... 10
*Mangano v. Cambariere*, 2007 WL 2846418 at *2 (S.D.N.Y. Sept. 27, 2007) ....................... 9-10
*Martino v. Westchester County Dept. of Corrections*, 2008 WL 144827 (S.D.N.Y 2008) .......... 11
*Mozzochi v. Borden*, 959 F.2d 1174 (2d Cir. 1992) ..................................................................... 8
*Ruotolo v. City of New York,* 514 F.3d 484 (2d Cir. 2008) ........................................................... 6
*Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) ................................................ 9
*Zieper v. Metzinger*, 392 F.Supp.2d 516, 527 n.4 (S.D.N.Y. 2005) ............................................ 10

**Statutes**

FRCP 12(b)(6) .......................................................................................................................... passim

## PRELIMINARY STATEMENT

The instant matter is before the Court on Defendants' Anthony Marraccini, ("Marraccini"), Edward Lucas ("Lucas"), Mark DiGiacomo ("DiGiacomo") and the Town/Village of Harrison's ("Harrison") motion to dismiss Plaintiff Sue Ellen Valeri's ("Valeri") complaint pursuant to FRCP 12(b)(6) for failure to state a cause of action.

In her complaint, Valeri alleges that her son became ill while he was attending the Harrison Middle School ("Middle School") and that various members of the Middle School's administration[1] and local fire officials attempted to "cover up" the cause of her child's illness and dissuade her from speaking out about the incident.[2] Valeri then alleges that various members of the Harrison Police Department also attempted to coerce her to cease speaking out about the alleged incident at the Middle School. Valeri concludes that these policemen's actions in questioning her and ultimately arresting her purportedly violated her constitutional rights. Despite the allegations of an arrest and prosecution based on her public speaking, Valeri does not plead any claims arising under the Fourth Amendment nor state law false arrest and malicious prosecution claims. Instead Valeri's sole

---

[1] Valeri has not named the Middle School, its officials and/or employees as defendants in the instant lawsuit and has not sought compensation in this suit for injuries the child purportedly sustained at the school.
[2] Valeri has not named the Fire Department, its officials and/or employees as defendants in the instant lawsuit.

cause of action seeks recovery under a theory that the Defendants' conduct caused a chilling of her prospective exercise of her First Amendment rights.

Simply stated, the complaint fails to state a cause of action against the defendants as it fails to make out a cause of action for the alleged violation of Valeri's constitutional rights. The complaint's sole cause of action indicates that it seeks redress for the alleged violation of Valeri's First Amendment rights by stating in ¶28 that "under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C §1983." However, in order to make out a cause of action for a purported chilling of her rights, Valeri was required to plead specific details of how her First Amendment rights were violated, including how her speech was actually chilled as a result of the actions of the Defendants. As the complaint is silent in this regard and only states in conclusory fashion that Valeri's "prospective exercise of her First Amendment rights" was chilled, it fails to state a claim under 42 USC §1983.

## STATEMENT OF FACTS[3]

As alleged in the complaint, Valeri is a United States citizen who resides in the Town/Village of Harrison. (Complaint at ¶3). The complaint identifies the

---

[3] As the instant motion is made pursuant to FRCP 12b(6) all factual statements are derived wholly from the complaint, which must be presumed by the Court to be true at this juncture. A copy of the complaint is appended to this submission as Exhibit "A". The defendants do not admit the truth of these statements and only make reference to them for the purposes of this motion.

2

following other parties to the lawsuit: Marraccini, Lucas, DiGiacomo who are police officers employed by Harrison (Complaint at ¶¶4-6) and Harrison, which is a municipal subdivision of the State of New York. (Complaint at ¶7).

The complaint alleges that on May 31, 2007, Valeri was notified by the Middle School Nurse that her son was ill. (Complaint at ¶8). Valeri subsequently went to the Middle School where she purportedly smelled a foul odor and noticed children vomiting. (Complaint at ¶9). Valeri then removed her son and daughter from the school. (Complaint at ¶¶10,11). Additionally, Valeri alleges that she notified the Fire Department of the odor and that the Fire Department responded to the school. (Complaint at ¶12). As part of this incident, the complaint alleges that the Fire Chief and the School Superintendent suppressed investigation of the incident and evacuation of the building and ignored her concerns in relation to the safety of the school. (Complaint at ¶¶10, 13-15). Based on her dissatisfaction with the actions of the Fire Department and the Middle School, Valeri notified the County Health Department and the New York State Department of Environmental Conservation. (Complaint at ¶16). The complaint then alleges that the School Superintendent attempted to deceive the parents of Middle School students by "covering up" the May 29, 2007 incident at the school and publicly threatening

people who expressed concern about the May 29th incident.[4] (Complaint at ¶17). For reasons known only to the Plaintiff, neither the Middle School and its employees nor the Fire Department and its employees have been named as parties to the lawsuit and no redress is sought based on their alleged errors and omissions.

The complaint then alleges that "shortly thereafter" Valeri began to receive telephone calls from Marraccini that purportedly harassed her, threatened her that she was going to be in "big trouble" and indicated that he wanted to talk to her. (Complaint at ¶18). On some later date, Police Officer Gary Chiarella[5] purportedly notified Valeri's family that she needed to cease her "public expressions of concern" or she would be arrested. (Complaint at ¶19).

At some point later, Valeri's husband purportedly received a call from Lucas who told him that Valeri was required to surrender herself at police headquarters or "she would be arrested in Town." (Complaint at ¶20). As part of this conversation, Lucas allegedly told Valeri's husband that she had filed a false report. (Complaint at ¶20). Valeri then surrendered herself and was fingerprinted had mug shots taken and was interrogated by DiGiacomo, before being issued an appearance ticket charging her with Falsely Reporting an Incident. (Complaint at ¶21-22). The complaint alleges that Valeri then retained defense counsel and made multiple

---

[4] The complaint alternately used both May 29th and May 31st as the date of the incident. However as 42 U.S.C. §1983 is governed by a three year statute of limitations, causes of action based on violations §1983 would be timely, regardless of the date that the incident purportedly took place.
[5] Chiarella is not named as a defendant in the instant lawsuit.

4

court appearances in the Town Justice Court before the charges were dismissed. (Complaint at ¶23).

Following this discussion of Valeri's purported arrest and exoneration, the complaint indicates that the actions of the Defendants were allegedly taken to retaliate against her for her expressions of concern about the Middle School and to "coerce her silence regarding this matter of grave public concern." (Complaint at ¶24). The complaint then states in conclusory fashion "[b]y reason of Defendants' conduct Plaintiff was in fact chilled in the prospective exercise of her First Amendment rights with respect to the incident of May 29, 2007, and the cover-up Wool and Marraccini." (Complaint at ¶25).

Despite the allegations of arrest and prosecution, the complaint does not allege that Valeri's Fourth Amendment rights were violated. Instead, the Complaint's sole cause of action alleges that "under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C §1983." (Complaint at ¶26).

The instant matter was commenced by filing of a summons and complaint on June 8, 2008. Thereafter, the parties were purportedly served on June 11th and June 12th, with service being completed on June 23, 2008.

5

# POINT I

## THE LEGAL STANDARD FOR A MOTION TO DISMISS

As codified at FRCP 12(b)(6), a party may move to dismiss an action if the complaint fails to state a claim upon which can be granted. When faced with a motion pursuant to FRCP 12(b)(6) the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 177 (2d Cir.2004). Under the reformulated test set down by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955,1966, 167 L.Ed.2d 929 (2007), a pleading is required to contain enough facts to render the underlying legal theory plausible. *See generally*, *Ruotolo v. City of New York*, 514 F.3d 484 (2d Cir. 2008) (affirming dismissal of complaint and denial of leave to replead where amended complaint failed to plead "enough facts to state a claim to relief that is plausible on its face" under *Twombly*). In applying *Twombly*, this Court has noted that a "Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat the motion to dismiss." *Davis v. Garcia*, 2008 WL 2229811 at * 4, (S.D.N.Y. May 27, 2008).

In the instant matter it is respectfully submitted that the Court should grant the Defendants' motion as the allegations in the complaint simply cannot sustain an action premised on an alleged violation of Valeri's First Amendment rights.

# POINT II

## THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR VIOLATION OF HER FIRST AMENDMENT RIGHTS

In the Complaint's only cause of action, Valeri asserts that her claim for relief is predicated upon alleged violations of her First Amendment rights. (Complaint at ¶28). Although the First Amendment guarantees a wide panoply of rights, the Complaint does not specifically identify which First Amendment right was allegedly violated by the Defendants. However, based upon the allegation that the Defendants' conduct was purportedly intended to "coerce her silence regarding this matter of grave public concern" (Complaint at ¶24) it is assumed that Valeri is asserting that her right to freedom of speech was infringed by the Defendants.

As has been noted time and again by the Second Circuit, in order to prevail on a free speech claim, a plaintiff must prove: (1) she has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right. *See generally, Curley v. Village of Suffern*, 268 F.3d 65, 73 (2001). *See also, Cosby v. City of White Plains*, 2007 WL 853203 at *7 (S.D.N.Y. Feb. 9, 2007)(applying the *Curley* test to claims that arrest was retaliation intended to cause chilling of Plaintiff's free speech rights).

7

### A. The Complaint in the instant matter arguably satisfies the first two elements of the Curley test

As the instant motion is predicated upon Federal Rule of Civil Procedure 12(b)(6), the Defendants are forced to concede (solely for the purpose of the instant motion) that the Plaintiff has properly alleged an interest (speaking out regarding the events at the Middle School) that is protected under the First Amendment. As such, the first element of the *Curley* test is satisfied.

Similarly, the complaint does contain allegations which (if true) may satisfy the second element of the *Curley* test, as the assertion that a person was arrested and prosecuted as a result of her exercise of her freedom of speech would qualify as a demonstration that the defendants' action were motivated by the Plaintiff's exercise of her constitutional rights. *See generally, Mozzochi v. Borden*, 959 F.2d 1181 (2d Cir. 1992)(permitting inference that criminal prosecution was intended to deter plaintiff's criticism of official's performance of duties). While not conceding the truth of the allegations, the Defendants admit that under the *Twombly* plausibility test, the complaint has set forth sufficient factual allegations to support an inference that the alleged municipal action was taken in response to Valeri's exercise of her free speech rights.

### B. The Complaint is subject to dismissal as it fails to allege actual chilling

Although the first two elements of the *Curley* test may be satisfied by the complaint, the third element of the test for retaliatory First Amendment conduct is

8

not satisfied by the allegations in the Complaint and it is for this reason that the Defendants respectfully request that the Court dismiss the instant suit.

In considering cases where a Plaintiff has alleged that her First Amendment rights were infringed by retaliatory conduct, the Second Circuit has instructed that a Plaintiff must plead and prove actual chilling. *See generally*, *Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995)("although Singer alleges damage to his reputation, he has failed to allege with sufficient particularity any actual chilling of his speech, or of his participation in the political process"). *See also*, *Curley v. Village of Suffern*, 268 F.3d at 73 (2001)(Further, plaintiff must show, with respect to the third element, that his First Amendment rights were actually chilled") and *Brooklyn Legal Services Corp. v. Legal Services Corp.*, 462 F.3d 219, 226 (2d Cir. 2006)("In the First Amendment context, allegations of a "subjective chill" of free speech rights will not suffice to satisfy the injury-in-fact requirement. Rather, a plaintiff must demonstrate some specific present or future objective harm…")

In applying this element of the *Curley* test, the District Courts have routinely dismissed suits where the Plaintiff has not demonstrated actual chilling. *See generally, Mangano v. Cambariere*, 2007 WL 2846418 at *2 (S.D.N.Y. Sept. 27, 2007)("Here, plaintiff fails to proffer evidence of even one example of a situation in which she desired to exercise her First Amendment rights but was chilled by

9

defendants' alleged actions. Further, there is no evidence in the record to support a finding that defendants' alleged conduct has deterred plaintiff from engaging in free speech or seeking judicial redress"). *See also, Zieper v. Metzinger*, 392 F.Supp.2d 516, 527 n.4 (S.D.N.Y. 2005)("The Court notes, however, that it has found no case in which a First Amendment claim went forward in the absence of allegations or evidence that speech was actually chilled"); *Howard v. Town of Bethel*, 481 F.Supp.2d 295, 309 (S.D.N.Y. 2007)(in which the court granted motion to dismiss, noting that "even assuming the existence of the first two elements, plaintiffs' claim still must fail, for they cannot demonstrate that their exercise of free speech was "actually chilled") and *Cosby v. City of White Plains*, 2007 WL 853203 (S.D.N.Y. Feb. 9, 2007)(dismissing First Amendment claim in part due to failure to prove that right had been chilled).

In the instant matter, Valeri has summarily asserted that the conduct which she attributes to the Defendants has chilled her "prospective exercise of her First Amendment rights." However, Valeri has not pleaded any facts that would support the allegation that her rights were chilled as there is no specific instance of conduct that was prevented by the actions of the defendants. Indeed, the Complaint is devoid of any specific instances of conduct that was purportedly chilled. As *Twombly* requires that a Plaintiff plead some facts that would render the allegations of the complaint plausible, the instant action is defective as there are simply no

10

facts that could support the required element of demonstrating that Valeri's rights were actually chilled. *See generally*, *Martino v. Westchester County Dept. of Corrections*, 2008 WL 144827 at *3 (S.D.N.Y. Jan. 15, 2008)(citing to *Twombly* for the principle that a "complaint is measured against a flexible 'plausibility standard,' which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible").

## CONCLUSION

In light of the foregoing, the Defendants' motion to dismiss the complaint pursuant to FRCP 12(b)(6) should be granted in its entirety.

Dated: Purchase, New York
       July 3, 2008

                                 Respectfully submitted,
                                 FRIEDMAN, HARFENIST, LANGER & KRAUT
                                 Attorneys for Defendants
                                 2975 Westchester Avenue, Suite 415
                                 Purchase, New York  10577
                                 (914) 701-0800

                                 By:_____S_____
                                           Neil Torczyner
                                           Steven J. Harfenist