UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SUE ELLEN VALERI,                                                    **08 CIV 5256 (CS)**

                                        Plaintiffs,

        -against-

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, MARK
DiGIACOMO, and the TOWN/VILLAGE OF
HARRISON, New York,

                                        Defendants.
-----------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**


**FRIEDMAN, HARFENIST, KRAUT & PERLSTEIN**
**Attorneys for Defendants**
**Town/Village of Harrison, New York**
**2975 Westchester Avenue, Suite 415**
**Purchase, New York   10577**
**(914) 701-0800**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... i

PRELIMINARY STATEMENT ..................................................................... 1

POINT I

THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF
ACTION FOR VIOLATION OF HER FIRST AMENDMENT
RIGHTS SINCE SHE HAS NOT PLEADED ANY FACTS
DEMONSTRATING ACTUAL CHILLING .................................................. 2

CONCLUSION ............................................................................................. 7

# TABLE OF AUTHORITIES

## Cases

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007)...........................................................................6

*Cosby v. City of White Plains,* 2007 WL 853203 (S.D.N.Y. Feb. 9, 2007) .............5

*Curley v. Village of Suffern*, 268 F.3d 65, 73 (2001) .........................................passim

*Howard v. Town of Bethel*, 481 F.Supp.2d 295, 309 (S.D.N.Y. 2007)...................5

*Mangano v. Cambariere*, 2007 WL 2846418 at *2 (S.D.N.Y. Sept. 27, 2007).......5

*Palmieri v. Town of Babylon*, 2008 WL 3155153 (E.D.N.Y. Aug. 4, 2008)...........4

*Rees v. Dahl,* 24 Fed. Appx. 907 (10th Cir 2001) ...........................................6

*Ruotolo v. City of New York,* 514 F.3d (2d Cir. 2008) ...........................................6

*Williams v. Town of Greenburgh*, __ F.3d __, 2008 WL 2797004
(2d Cir. July 22, 2008) ...................................................................passim

## Statutes

42 U.S.C. §1983...........................................................................................3

## PRELIMINARY STATEMENT

Defendants' Anthony Marraccini, Edward Lucas, Mark DiGiacomo  and the Town/Village of Harrison's (collectively "defendants") submit the instant reply memorandum of law in support of their motion to dismiss Plaintiff Sue Ellen Valeri's ("Valeri") complaint pursuant to FRCP 12(b)(6).

In moving to dismiss the complaint, the defendants argued that under the Second Circuit test in *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2001), there is a requirement that a plaintiff asserting that her First Amendment rights were chilled must plead facts indicating that speech was actually chilled by the alleged conduct. In opposing the defendants motion, Valeri reiterates all of the facts pleaded in her complaint (most of which relate to conduct by individuals and entities who have not been named as parties) without adding any examples of how her future speech was actually chilled by the conduct which she attributes to the named defendants.

Put simply, Valeri cannot satisfy the prerequisites for maintaining a suit premised on violations of her First Amendment rights, since the Second Circuit applies a subjective test, requiring a plaintiff to prove that actual chilling resulted from the conduct attributed to the municipality. This requirement was recently reaffirmed by the Circuit in its decision in *Williams v. Town of Greenburgh*, __ F.3d __, 2008 WL 2797004 (2d Cir. July 22, 2008). Since Valeri has failed to

plead any instances in which she chose not to speak or was otherwise prevented from speaking, the instant lawsuit must be dismissed.

## POINT I

**THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR VIOLATION OF HER FIRST AMENDMENT RIGHTS SINCE SHE HAS NOT PLEADED ANY FACTS DEMONSTRATING ACTUAL CHILLING**

In moving to dismiss, the defendants cited to the three part test recited by the Second Circuit in *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2001) by which a plaintiff must prove: (1) she has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right. In applying the test to the case at bar, the defendants conceded (solely for the purpose of the motion) that the first two elements of the test are satisfied. However, the defendants demonstrated that the complaint could not survive under *Curley* because it did not specifically plead any facts indicating that Valeri was actually chilled. *See generally Curley v. Village of Suffern*, 268 F.3d at 73 (2001) ("Further, plaintiff must show, with respect to the third element, that his First Amendment rights were actually chilled").

In opposing the motion to dismiss, Valeri has not made any attempt to amplify the pleading or indicate any specific speech that was purportedly chilled

by the actions attributed to the named defendants. Instead, Valeri spends the first six pages of her memorandum of law reiterating word for word the facts pleaded in the complaint. Following  the regurgitation of the events alleged in the complaint (most of which involve individuals and entities who are not parties to the case at bar)[1] Valeri summarily asserts that she has "sufficiently alleged that by reason of Defendants' conduct, Plaintiff was in fact chilled in the prospective exercise of her First Amendment rights." (Memorandum of Law at 9). Valeri is incorrect as recent Second Circuit case law confirms that a party must plead and prove actual chilling.

In the recent matter of *Williams v. Town of Greenburgh*, __ F.3d __, 2008 WL 2797004 (2d Cir. July 22, 2008), the Second Circuit restated the minimum requirements for demonstrating a cause of action under 42 U.S.C. §1983 in connection with a claim of First Amendment chilling. In *Williams*, the Plaintiff had alleged that his arrest and prosecution were in retaliation for his exercising of his right to speak out about the Town's recreation center. In dismissing the suit, the Second Circuit explained:

> To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights-in other words, there is an injury requirement to state the claim." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir.2002). In *Colombo*, we explained that plaintiffs who allege a violation of their right to free speech must prove that

---

[1] Although the complaint discusses actions of various Harrison School District and Harrison Fire Department employees who Valeri claims were complicit in the alleged scheme to deny her the right to comment, Valeri has not named them as parties to the suit.

official conduct actually deprived them of that right. *Id.* To prove this deprivation, Williams must come forward with evidence showing either that (1) defendants silenced him or (2) "defendant[s'] actions had some actual, non-speculative chilling effect" on his speech. *Id.; see also Spear v. Town of W. Hartford,* 954 F.2d 63, 68 (2d Cir.1992) (requiring plaintiff to show that defendants "inhibited him in the exercise of his First Amendment freedoms"). However, Williams has not alleged facts indicating that Bland and White have deprived Williams of his constitutionally protected right to free speech. Nor has he produced any evidence showing that defendants' actions chilled his speech or otherwise prevented him from speaking.

*Id.* at *5.[2]

In the month following the Second Circuit's decision in *Williams*, at least one District Court has applied its reiteration of the actual chilling requirement in dismissing a claim that a plaintiff's First Amendment rights were impeded by municipal action. In *Palmieri v. Town of Babylon*, 2008 WL 3155153 (E.D.N.Y. Aug. 4, 2008) Judge Bianco of the Eastern District of New York dismissed the plaintiffs First Amendment claims since the plaintiff "suffered no adverse impact that chilled, impaired, or denied his exercise of First Amendment Rights…" *Id*. at *10. It should be noted that in addition to analyzing the language in *Williams* requiring a showing of actual chilling, Judge Bianco also supported his decision to dismiss the claim with a reference to *Curley v. Village of Suffern*, 268 F.3d 65, 73

---

[2] It should be noted that the plaintiffs in *Williams* and *Curley* both interposed Fourth Amendment claims in connection with their arrests, in addition to the First Amendment chilling claims. In the case at bar, although Valeri claims that the officers' actions in arresting were improper retaliation she does not attempt to allege that her Fourth Amendment rights were violated by the arrest.

(2001), noting that "where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."

Although *Palmieri* is the only decision applying *Williams* to require a showing of actual chilling, there are numerous other District Court decisions in which suits were dismissed where the Plaintiff has not demonstrated actual chilling. *See generally, Mangano v. Cambariere*, 2007 WL 2846418 at *2 (S.D.N.Y. Sept. 27, 2007)("Here, plaintiff fails to proffer evidence of even one example of a situation in which she desired to exercise her First Amendment rights but was chilled by defendants' alleged actions. Further, there is no evidence in the record to support a finding that defendants' alleged conduct has deterred plaintiff from engaging in free speech or seeking judicial redress"). *See also Howard v. Town of Bethel*, 481 F.Supp.2d 295, 309 (S.D.N.Y. 2007)(in which the court granted motion to dismiss, noting that "even assuming the existence of the first two elements, plaintiffs' claim still must fail, for they cannot demonstrate that their exercise of free speech was "actually chilled") and *Cosby v. City of White Plains*, 2007 WL 853203 (S.D.N.Y. Feb. 9, 2007)(dismissing First Amendment claim in part due to failure to prove that right had been chilled).

In the case at bar, Valeri continues to assert that the conduct which she attributes to the Defendants has chilled her "prospective exercise of her First

Amendment rights" without explanation as to how those rights were chilled.[3] Indeed, the Complaint is devoid of any specific instances of conduct that was purportedly chilled. As correctly noted by the Plaintiff, the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955,1966, 167 L.Ed.2d 929 (2007) requires that a Plaintiff plead some facts that would render the allegations of the complaint plausible. *See generally Ruotolo v. City of New York*, 514 F.3d 484 (2d Cir. 2008) (affirming dismissal of complaint and denial of leave to replead where amended complaint failed to plead "enough facts to state a claim to relief that is plausible on its face" under *Twombly*). Since Valeri has not set forth any facts in support of her allegations that she was prevented from further exercising her First Amendment rights, the complaint is facially insufficient and should be dismissed.

---

[3] In opposing the motion, the Plaintiff cites to various Second Circuit decisions, without ever stating that they stand for the proposition that an objective analysis should be made by which a plaintiff could merely show that an ordinary person would be chilled by the conduct. The reason for this is simple. In contrast to some other Circuits, the Second Circuit has consistently required a plaintiff show subjective chilling. As was noted by the Tenth Circuit in *Rees v. Dahl*, 24 Fed.Appx. 907 (10th Cir 2001), "[w]e rely on our own standard, announced in *Worrell* (objective chilling), rather than the Second Circuit's standard announced in *Spear* (subjective chilling). In *Worrell,* we expressed our own three-part standard for evaluating First Amendment retaliation claims, which differs from the standard articulated by the Second Circuit in *Spear.* Whereas *Spear*'s standard focuses on a *subjective* chilling, *Worrell,* which binds us, provides for an *objective* standard."

## CONCLUSION

In light of the foregoing, the Defendants' motion to dismiss the complaint pursuant to FRCP 12(b)(6) should be granted in its entirety.

Dated: Purchase, New York
      August 26, 2008

                Respectfully submitted,
                FRIEDMAN, HARFENIST, KRAUT & PERLSTEIN
                Attorneys for Defendants
                2975 Westchester Avenue, Suite 415
                Purchase, New York  10577
                (914) 701-0800

                By:_____S_____
                      Neil Torczyner
                      Steven J. Harfenist